USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NATHANIEL JONES, : 08 Civ. 5793 (RJH)(GWG)
:
Petitioner, :
:
-against- : **ORDER**
:
LUIS MARSHALL, :
Respondent. :
:
------------------------------------------------------------x

On December 31, 2010, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending that the Court deny petitioner's request for a writ of habeas corpus. On January 10, 2011, petitioner mailed his timely objections to the Report. These objections do not address the substance of the Report, but rather reference deficiencies in the government's "Direct Appeal Brief," presumably referring to Jones's appeal to the First Department of the New York Appellate Division, which the First Department denied on April 12, 2007. Judge Gorenstein's Report also addresses petitioner's motion to amend his petition [11], filed June 8, 2010.

The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which specific objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). Reviewing courts should review a report and

recommendation for clear error where objections are "merely perfunctory responses," argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS), 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002); *accord Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Where objections to a report are "specific and . . . address only those portions of the proposed findings to which the party objects," district courts should conduct a de novo review of the issues raised by the objections. *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992); *see also* Fed. R. Civ. P. 72(b).

Petitioner has not made any specific objections to Judge Gorenstein's Report, but rather rehashes arguments made in several prior proceedings. Petitioner does not even refer to Judge Gorenstein's Report at all, but rather objects to arguments the People of New York made several proceedings ago. As such, the Report is reviewed for clear error. Having carefully considered Magistrate Judge Gorenstein's well researched Report, the Court finds no error and hereby adopts it in its entirety. In addition, petitioner's motion to amend his petition [11] is denied for the reasons articulated in the Report. The Clerk is directed to close this case.

SO ORDERED.

Dated: New York, New York
March 17, 2011

                                              Richard J. Holwell
                                            United States District Judge